**Bob SAVAGE, Petitioner–Appellant,**

**v.**

**CALIFORNIA DEPARTMENT OF CORRECTIONS; et al., Respondents–Appellees.**

**No. 05–15641.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 18, 2008.

Allen Robert Bloom, Esq., Law Offices of Allen R. Bloom, San Diego, CA, for Petitioner–Appellant.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Diann Sokoloff, Esq., Scott C. Mather, Esq., AGCA—Office of the California Attorney General (SF), San Francisco, CA, for California Department of Corrections, Board of Prison Terms and Attorney General State of California.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Bob Savage, a California state prisoner, appeals from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Savage contends that the California Department of Corrections and Rehabilitation ("CDCR") breached a contract that required his release from prison no later than August 11, 2001. We disagree. Even assuming that the three documents Savage refers to in the record can be construed as a contract between Savage and the CDCR, we conclude that these documents cannot reasonably be read to have established a date upon which Savage must be released. *Cf. Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (holding that when a plea agreement rests on the promise or agreement of the prosecutor, such that it is part of the inducement or consideration, the promise must be fulfilled).

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We also note that Savage's reliance on *McQuillion v. Duncan*, 306 F.3d 895 (9th Cir.2002), is misplaced because, unlike McQuillion, Savage has never been found suitable for parole. Until Savage is found suitable for parole, his maximum term will continue to be life. *See* Cal.Penal Code § 3041; *In re Dannenberg*, 34 Cal.4th 1061, 1091, 23 Cal.Rptr.3d 417, 104 P.3d 783 (Cal.2005).

**AFFIRMED.**